UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | : | |
|---|---|---|
| AYANNA MCELRATH, | : | CASE NO. 1:19CV00332 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 1-3] |
| CITY OF CLEVELAND, et al., | : | |
| Defendants. | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This matter is before the Court upon the removal of Cuyahoga County Court of Common Pleas Case No. CV 18 907926 by defendant City of Cleveland.[1] In this removed case, Plaintiff Ayanna McElrath alleges that the City of Cleveland and fourteen other defendants violated her rights under federal and state law in connection with an incident that took place on December 4, 2015.[2]

For the reasons that follow, Plaintiff's federal claims are dismissed, and her state claims are dismissed without prejudice.

I. Background

The instant action began in the Cuyahoga County Court of Common Pleas where it was filed on December 6, 2018.[3] The City of Cleveland alleges that it received a copy of the

---

[1] Doc. 1.

[2] Doc. 1-3.

[3] Doc. 1.

Case No. 1:19CV00332
Gwin, J.

state court complaint on January 30, 2019 and timely removed this action on February 13, 2019.[4]  Before the case was removed, Plaintiff filed an Amended Complaint in the state court action on February 6, 2019.[5]

   A.  The 2016 Case

This removed matter arises out of an incident that occurred on December 4, 2015. Ayanna McElrath and her daughter LaCretia McElrath (who is not a plaintiff in this case) previously filed an action in the Northern District of Ohio, Case No. 1:16-cv-2907 ("2016 Case"), regarding the same incident on December 4, 2015. In the 2016 Case, the McElrath's alleged that LaCretia inadvertently pulled into a handicap parking space at a shopping center on Lorain Avenue in Cleveland, Ohio. She was approached by an unidentified officer who asked her if she knew she was in a handicap space, to which she responded "yes" and pulled out. Defendant Cleveland Police Officer Judd arrived and told her she was going to get a ticket. LaCretia, who is Muslim, alleged that Judd had called her a "raghead" during an off-duty incident. Judd asked LaCretia for her driver's license, which she produced, and Judd told her she was going to be arrested for driving under suspension and charged with felony failure-to-comply. Then defendant Cleveland Police Officers Renee Collins and Troy White arrived on the scene. LaCretia alleged that Collins searched her "aggressively," applied the handcuffs too tight and, when she complained, Collins clicked the handcuffs more tightly.

---

[4] *Id*.

[5] Doc. 1-3.

When Collins placed LaCretia in the squad car, Collins hit LaCretia's head so hard on the door of the car that she lost consciousness.

LaCretia's mother, Ayanna, arrived on the scene in time to witness the search, handcuffing, and placement of her daughter into the squad car. Ayanna tried to call EMS on her cell phone, but the officers seized her phone and Collins "attacked" her while another officer held her. Ayanna told the officers that she had epilepsy, but she was roughly handcuffed and shoved into the back of a squad car where she alleges that she suffered a short seizure. Ayanna alleged in the 2016 Case that Judd commenced a joyride in the squad car (which left her with bruises because she was handcuffed and could not brace herself) with the windows down in the winter cold. LaCretia and Ayanna claimed that they were placed in a cold jail cell with no blankets and unsanitary conditions.

In court, LaCretia's felony failure-to-comply case was reduced to driving under suspension. It is unclear from the documents filed in the 2016 Case whether Ayanna was charged with obstructing official business, interfering with police at a traffic stop, and resisting arrest, and if she was so charged, how those charges were resolved.

On December 20, 2015, the McElraths complained to the Office of Professional Standards ("OPS") about their treatment on December 4, 2015. David Hammons, who presented himself as an OPS representative, told them their complaint would be investigated

Case No. 1:19CV00332
Gwin, J.

in a timely manner, but the McElraths alleged they were never told how their OPS complaint was resolved, prompting them to file the 2016 Case.[6]

Based upon those facts, Ayanna and her daughter LaCretia asserted thirteen (13) claims against the City of Cleveland, Charles Judd, Renee Collins, Troy White, Janell Rutherford, and Timothy Fitzpatrick concerning: excessive force, malicious prosecution, false reporting, municipal liability, assault and battery, false imprisonment, jail conditions, intentional and negligent infliction of emotional distress, and citizen complaints.[7]

Upon a Fed. R. Civ. P. 12(b)(6) motion to dismiss, all defendants and claims were dismissed with the exception of: (1) LaCretia's excessive force and assault and battery claims against defendant Collins, and (2) Ayanna's excessive force and assault and battery claims against defendant Collins and Judd, and her negligent infliction of emotional distress claim.[8]

The 2016 Case proceeded on the remaining claims until February 9, 2018, when Judd's and Collins' motion to dismiss for failure to prosecute was granted and the 2016 Case was dismissed with prejudice.[9] The McElrath's subsequent motion pursuant to Fed. R. Civ. P. 59(e) and 60(b) was denied.[10] The McElraths appealed the dismissal of the 2016 Case for

---

[6] See *McElrath v. City of Cleveland*, No. 1:16 CV 2907, 2017 WL 3189477, at *1–2 (N.D. Ohio July 26, 2017).

[7] *Id*. at *3–8.

[8] *Id*. at *8.

[9] 2016 Case, Doc. 67.

[10] *McElrath v. City of Cleveland*, No. 1:16 CV 2907, 2018 WL 1122232, at *1 (N.D. Ohio Feb. 26, 2018).

Case No. 1:19CV00332
Gwin, J.

failure to prosecute to the United States Court of Appeals for the Sixth Circuit (USCA Case No. 18–3206),[11] but their appeal was denied.[12]

B. The Instant Action

The instant action now before the undersigned is largely based upon the events of December 4, 2015 as described in the 2016 Case. As before, Plaintiff alleges that defendant police officers violated her civil rights with respect to her treatment at the scene on December 4, 2015, Judd filed "false felony charges" against her, and that she was intimidated and "threatened" with more jail time or a court order if she did not provide a DNA sample,[13] which she did.[14]

As to the OPM investigation that was unresolved when the 2016 Case was filed, Plaintiff alleges here that the investigation ended "December 2018" but omitted certain information to "avoid adding criminal charges to the officers record."[15] With respect to the charges against her, Plaintiff claims that her case was "not only dismissed but also expunged" and the state court ordered the DNA to be destroyed.[16] What follows next is a series of confusing and rambling allegations regarding the DNA collection, attorneys who may have represented Plaintiff in some manner, her efforts to have her DNA sample destroyed

---

[11] 2016 Case, Doc. 71.

[12] USCA Case No. 18–3206, Doc. 25.

[13] Plaintiff also alleged in the 2016 Case that she was threatened with respect to providing a DNA sample. *See* 2016 Case, Doc. 1 at ¶ 21.

[14] Doc. 1-3 at ¶¶ 7, 8, 22–25.

[15] *Id*. at ¶ 9.

[16] *Id*. at ¶ 10.

-5-

Case No. 1:19CV00332
Gwin, J.

through state court action,[17] and the failure of the Police Review Board and the Chief of Police to discipline "wayward police employees."[18]

Plaintiff brings the instant action pursuant to 42 U.S.C. §§ 1981,[19] 1983,[20] and 1985,[21] and claims that defendants City of Cleveland, Officer Judd, Officer Collins, Troy White, Sergeant Rutherford, Timothy Fitzpatrick, Officer Herrera, Officer Adkins, Jane Doe,

---

[17] In Plaintiff's response to defendants' answer, she states that "this case [r]evolves around how DNA was collected, DNA not being destroyed despite court orders and entities that allowed and participated in prosecution of DNA taken illegally." Doc. 5 at 1. To the extent Plaintiff is requesting that the Court enforce a state court order to destroy Plaintiff's DNA, this Court lacks jurisdiction to do so. See Bright v. Mut., No. 4:17–CV–47–TAV–SKL, 2018 WL 1524603, at *4 (E.D. Tenn. Mar. 28, 2018) ("Federal courts generally lack authority to enforce state-court judgments.") (citing Dearborn St. Bldg. Assocs. LLC v. D&T Land Holdings, LLC, No. 1:07–cv–1056, 2008 WL 2397660, at *2 (W.D. Mich. June 9, 2008) (citations omitted)).

[18] Doc. 1-3 at ¶¶ 12–22.

[19] 42 U.S.C. § 1981 prohibits racial discrimination with respect to contractual relationships, including the making, enforcement, and termination of a contract. "To establish a claim under that statute, plaintiff must allege: (1) he is a member of a racial minority, (2) the defendants intended to discriminate against him on the basis of his race, and (3) the discrimination concerned one or more of the activities enumerated in the statute including the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." McGrath v. Renuart, No. 1:10 CV 17, 2010 WL 2267019, at *2 (N.D. Ohio June 3, 2010) (citing Johnson v. Harrell, No. 97–5257, 1998 WL 57356 (6th Cir. Feb. 2, 1998)) (further citation omitted). There are no allegations in the Complaint that suggest Plaintiff was subjected to race discrimination in connection with a contractual relationship. Accordingly, Plaintiff's § 1981 claim is dismissed

[20] 42 U.S.C. § 1983 provides a plaintiff with a means to recover for Constitutional deprivations suffered under color of state law. To prevail in a § 1983 action, a plaintiff must show that conduct by a person acting under color of state law deprived her of a right secured by the Constitution or other federal laws.

[21] To establish a violation of 42 U.S.C. § 1985(3), a plaintiff must allege that the defendants conspired together for the purpose of depriving the plaintiff of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or another class-based discriminatory animus. Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir. 1999). Conspiracy claims under § 1985 must be pled with some factual specificity. See Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir. 1984) (broad conclusory language is not sufficient to support a § 1985 claim). Here, Plaintiff alleges no specific facts that, taken as true, suggest that the defendants engaged in a conspiracy to deprive her of her right to equal protection of the law or that their actions were motivated by Plaintiff's race or other discriminatory animus. Even under the liberal construction afforded *pro se* pleadings, the Plaintiff's allegations are insufficient to plausibly allege a conspiracy under § 1985 and those claims are dismissed.

Case No. 1:19CV00332
Gwin, J.

Cuyahoga County Jail, Cleveland Police Department, Office of Professional Standards, Mr. Hammons, Mr. Roney, and Mr. Bowker violated her rights under the First, Fifth, Sixth, Thirteenth, Fourteenth Amendments, and various state laws.[22]

Plaintiff asserts her federal and state law claim in eight[23] counts. She seeks 1 million dollars in compensatory and punitive damages and a declaration regarding the practices of the City of Cleveland and Police Review Board.[24]

## II. Discussion

### A. Standard of Review

The Court is required to liberally construe *pro se* pleadings.[25] That said, the Court is not required to accept as true legal conclusions couched as factual allegations.[26]

Federal courts are courts of limited jurisdiction and possess only the power authorized by the United States Constitution and statutes. Under 28 U.S.C. § 1331, federal courts have subject matter jurisdiction over all civil actions arising under the Constitution and laws of the United States. Under 28 U.S.C. § 1332, a district court has original jurisdiction over all matters where the matter in controversy exceeds $75,000 and is between citizens of different states.[27]

---

[22] Doc. 1-3 at ¶¶ 1, 2, 6.

[23] The Complaint contains counts I – II and counts IV – IX. There is no count III.

[24] Doc. 1-3 at 22–23.

[25] Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972).

[26] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

[27] In this case there are no factual allegations that would support subject matter jurisdiction under 28 U.S.C. § 1332.

Case No. 1:19CV00332
Gwin, J.

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte.*"[28] If at any time the Court determines that it lacks subject matter jurisdiction, it must dismiss the action.[29] Additionally, "[a] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) … when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."[30]

Claims that are frivolous and implausible may also be dismissed pursuant to 28 U.S.C. § 1915(e)(2). A claim is frivolous when it lacks an arguable basis in law or fact.[31] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[32] A claim fails to state a plausible claim for relief when it lacks facial plausibility in the complaint.

B. Analysis

1. Plaintiff's duplicative, frivolous, and legally implausible claims are dismissed

Virtually all of Plaintiff's claims in the instant action are duplicative of her claims in the 2016 Case. *See e.g.* 2016 Case, Doc. 1 at ¶¶ 20 (false charges), 21 (threatened into giving DNA sample), 29 (failure to investigate defendant officers' conduct); 31 (false police reports and cover-up), 36 (false statements to mislead public officials reviewing defendant

---

[28] *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009).

[29] Fed. R. Civ. P. 12(h)(3); *Herr v. U.S. Forest Serv.,* 803 F.3d 809, 813–14 (6th Cir. 2015) (citations omitted).

[30] *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

[31] *See Nietzke v. Williams,* 490 U.S. 319, 325 (1989).

[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557).

Case No. 1:19CV00332
Gwin, J.

officers' conduct); 37 (loss of plaintiff's right to an investigation of defendant officers' conduct); 70 (failure to train police officers to protect citizen's constitutional rights). Duplicative complaints that merely repeat previously litigated claims are frivolous, thereby depriving the Court of subject matter jurisdiction in addition to being subject to dismissal under § 1915(e)(2).[33]

Accordingly, Plaintiff's claims in this action duplicative of her claims in the 2016 Case are dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3), and pursuant to § 1915(e)(2).[34] Thus, Count I,[35] Counts II and IV (the Complaint

---

[33] See Theriot v. Woods, No. 2:18-CV-92, 2019 WL 409507, at *5 (W.D. Mich. Feb. 1, 2019) (complaint that merely repeats pending or previously litigated claims may be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)) (collecting cases).

[34] Plaintiff's claims against specific defendants are also subject to dismissal for additional reasons. Plaintiff's claims against the Cleveland Police Department, Office of Professional Standards, and Cuyahoga County Jail are legally implausible and frivolous because these defendants are not legal entities capable of being sued under § 1983. See Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994) (police departments are not legal entities which may be sued); Barnes v. Cuyahoga Cty. Jail, No. 1:09CV2671, 2010 WL 148136, at *1 (N.D. Ohio Jan. 12, 2010) (dismissing Cuyahoga County Jail for failure to state a claim because a jail is not a legal entity amenable to suit under § 1983) (citations omitted). Thus, the Court lacks subject matter jurisdiction over Plaintiff's claims against the Cleveland Police Department, Office of Professional Standards, and the Cuyahoga County Jail and those defendants are dismissed from this action on this additional basis. See Dunikowski v. Ohio Dep't of Rehab. & Correction, No. 1:18 CV 2576, 2019 WL 2717954, at *2 (N.D. Ohio June 28, 2019) (Plaintiff's claims against ODRC and Grafton Correctional Institution are frivolous and lack legal plausibility, thereby divesting the court of federal subject matter jurisdiction.) (citing Apple, 183 F.3d at 479–80).

With respect to defendants Herrera, Adkins, Hammons, Roney, and Bowker, Plaintiff lists these defendants in the caption of the Complaint but asserts no factual allegations against them. Simply listing defendants in the caption of a complaint and alleging constitutional violations by "defendants" in the body of the complaint is insufficient to a plausible § 1983 claim upon which relief may be granted against a specific defendant. Gilmore v. Corr. Corp. of Am., 92 F. App'x 188, 190 (6th Cir. 2004) (citations omitted); see also Frazier v. Michigan, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claim where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). Accordingly, defendants Herrera, Adkins, Hammons, Roney, and Bowker are dismissed from this action on this additional basis.

[35] In Count I, Plaintiff claims that in connection with the events of December 4, 2015, she was unlawfully seized and subject to (1) false arrest, charges, police reports, and statements; (2) physical harm, intimidation, harassment, and (3) forced to give a DNA sample by defendants Judd, Collins, Rutherford, Fitzpatrick, White and

---

Herron. Doc. 1-3 at ¶¶ 56-63. In addition to previously having raised these claims in the 2016 Case, these claims are also barred by the two-year statute of limitations for § 1983 claims filed in Ohio. *Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir. 1989) (Ohio's two-year statute of limitations for personal injury claims applies to § 1983 actions). This removed case was filed in state court on December 6, 2018 – well after the two-year statute of limitations expired with respect to Plaintiff's claims concerning the events of December 4, 2015. Claims that are barred by the applicable statute of limitations are legally frivolous and fail to state a plausible § 1983 claim. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (affirming district court's dismissal of plaintiff's claim as frivolous where that claim was barred by the applicable statute of limitations).

does not contain a Count III),[36] and Count VII,[37] are dismissed as frivolous and legally implausible.

---

[36] In Count II, Plaintiff claims that the City of Cleveland has a policy of: (1) permitting prosecution of charges alleged by police officers without performing an investigation; (2) not prosecuting claims of police brutality; (3) refusing to investigate cases of victims; (4) favoring the word of a white complainant over that of a black complainant; (4) not treating charging someone with a felony as a serious issue; and (5) filing criminal charges against victims of police misconduct in order to aid, abet, or cover up the misconduct. She alleges that these policies violated her right to equal protection under the law, and that the "defendants" acted with the "sanction and approval" of the City in accordance with its policies. Doc. 1-3 at ¶¶ 64-70. In Count IV, Plaintiff alleges that the "actions of the individual police defendants have been with the sanction and approval of the defendant City of Cleveland and pursuant to its policy and direction" and the police officers' conduct cause her humiliation, inconvenience, emotional distress, and missed employment opportunities due to false criminal charges. Doc. 1-3 at ¶¶ 71-73.

As an initial matter, these claims against the City are duplicative of the 22016 Case and barred by the statute of limitations. In addition, there can be no § 1983 liability on the part of the City of Cleveland in the absence of an underlying constitutional violation. Bradley v. City of Cleveland, No. 1:11CV781, 2013 WL 3947202, at *4 (N.D. Ohio July 31, 2013) ("A municipality cannot be held liable under § 1983 absent an underlying constitutional violation by its officers.") (citations omitted). Plaintiff's claims against Judd, Collins, Rutherford, Fitzpatrick, White, and Herron in Count I regarding the events of December 4, 2015 have been dismissed as frivolous and implausible, both for being duplicative of the 2016 Case and barred by § 1983's two-year statute of limitations. In the absence of a constitutional violation by these defendants, Plaintiff's claim against the City of Cleveland regarding their conduct must be dismissed as well. Moreover, Plaintiff's § 1983 allegations concerning the City's policies and customs are purely conclusory. She fails to identify any specific policy or custom concerning the claimed constitutional violation or allege how those policies or customs caused the claimed violation. See Jordan v. City of Detroit, 557 F. App'x 450, 454 (6th Cir. 2014) (affirming district court's dismissal of municipal § 1983 claim where plaintiff failed to produce any evidence of a policy or custom regarding the alleged underlying constitutional violation); Monell v. Dep't of Soc. Srvs., 436 U.S. 658, 694 (1978); see also Bey v. Trumbull Cty. Health Dep't, No. 4:18CV1166, 2019 WL 950078, at *5 (N.D. Ohio Feb. 27, 2019) ("Plaintiff's bare conclusory allegation that Trumbull County's policies, practices, and customs were a "moving force" behind his injuries is insufficient to state a plausible Section 1983 claim against Trumbull County or any of the county agencies or municipal offices."). Accordingly, Plaintiff's § 1983 claims against the City of Cleveland are subject to dismissal on this additional basis.

[37] Count VII is a mixed federal and state law claim. Plaintiff alleges that defendants are liable under state law for falsely charging her with a felony and she is entitled to the protections of Chapter 25 of the Cleveland City Charter. She also alleges that the City of Cleveland failed to provide adequate training for its officer or that the City has policies and customs "designed to assure that police officers are trained to engage in misconduct in the investigations and detentions of the community's citizens" resulting in a deprivation of due process. See Doc. 1-3 at ¶¶ 79-87.

Plaintiff's § 1983 failure to train claim against the City of Cleveland in Count VII with respect to the events of December 4, 2015 is duplicative of her claim in the 2016 Case and barred by the two-year statute of limitations. In addition, Plaintiff's conclusory allegations that defendant police officers were improperly trained is insufficient to state a plausible claim for § 1983 liability against the City of Cleveland. Sova v. City of Mt. Pleasant, 142 F.3d 898, 904 (6th Cir. 1998) (municipal liability for failure to train can be established only when

### 2. Plaintiff's claim against the City of Cleveland failure to investigate is dismissed

Liberally construing the Complaint with respect to Plaintiff's allegations that the City failed to investigate the conduct of the defendant police officers regarding the events surrounding the incident on December 4, 2015, that claim may not be entirely duplicative of the 2016 Case or time-barred in that Plaintiff alleges that the OPS did not complete its investigation until 2018. In order to state a plausible § 1983 "failure to investigate" claim against the City, Plaintiff must allege that: (1) the police officers' alleged misconduct constituted a clear and persistent pattern of such conduct; (2) the City had notice or constructive notice of the alleged misconduct; (3) the City was deliberately indifferent to the alleged misconduct to the extent that its failure to adequately investigate the events of December 4, 2015 can be said to amount to an official policy or custom of inaction; and (4) the City's custom and policy caused the alleged constitutional deprivation.[38] With respect to the last factor, evidence that a "'municipality inadequately investigated an alleged constitutional violation can be seen as evidence of a policy that would condone the conduct

---

the municipality's failure to train in a relevant respect evinces deliberate indifference to its citizens and is the moving force behind the constitutional violation) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)).
[38] See *Doe v. Claiborne Cty. Tenn.*, 103 F.3d 495, 507 (6th Cir. 1996).

Case No. 1:19CV00332
Gwin, J.

at issue.'"[39] "'A municipality fails to meaningfully investigate when it does not conduct any investigation into the alleged unconstitutional conduct.'"[40]

Plaintiff does not allege facts which, taken as true, would support the elements of a of a § 1983 failure to investigate claim against the City of Cleveland.[41] Rather, Plaintiff acknowledges that an investigation was conducted[42] and attaches two of five pages of the investigative report to Complaint.[43] The OPS' findings contained on those pages show that two allegations each against Judd and Collins were sustained, including mischarging Plaintiff with a felony and making untruthful statements in an attempt to adversely impact the OPS investigation.

Plaintiff's factual allegations belie a plausible § 1983 claim that the City of Cleveland had a custom or policy of failing to investigate complaints of alleged unconstitutional conduct by Cleveland police officers. Here, Plaintiff's § 1983 claim that the City had a policy of failing to investigate complaints of police misconduct is purely conclusory and is dismissed.[44]

---

[39] Meyers v. Cincinnati Bd. of Educ., 343 F. Supp. 3d 714, 729 (S.D. Ohio 2018) (quoting Otero v. Wood, 316 F.Supp.2d 612, 627–28 (S.D. Ohio 2004) (citations omitted)), leave to appeal granted, No. 1:17–CV–521, 2019 WL 451355 (S.D. Ohio Feb. 5, 2019).

[40] Id. (quoting Baker v. Union Twp., Ohio, 2013 WL 4502736, *23 (S.D. Ohio Aug. 22, 2013) (citing Leach v. Shelby Cty. Sheriff, 891 F.2d 1241, 1246–48 (6th Cir. 1989), Marchese v. Lucas, 758 F.2d 181, 188 (6th Cir. 1985))).

[41] "A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements." Rashada v. Gonzales, No. 1:07 CV 1055, 2007 WL 1690871, at *1 (N.D. Ohio June 11, 2007) (citing Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988)).

[42] Doc. 1–3 at ¶ 9.

[43] Id. at 52–53.

[44] See Jordan v. City of Detroit, 557 F. App'x 450, 454 (6th Cir. 2014) (affirming district court's dismissal of municipal § 1983 claim where plaintiff failed to produce any evidence of a policy or custom regarding the alleged underlying constitutional violation); see also Bey, 2019 WL 950078, at *5 ("Plaintiff's bare conclusory

Case No. 1:19CV00332
Gwin, J.

### 3. Plaintiff's state claims are dismissed

Plaintiff brings this action pursuant to state and federal law, including Count IV (to the extent that it asserts state law claims for emotional distress, etc.), Count V[45] (asserting violations of Plaintiff's rights under Article 14 of the Ohio Constitution), Count VI[46] (asserting violations of state law for "false stigmatism"), Count VII[47] (asserting violations of state law for falsely accusing Plaintiff of a felony); Count VIII[48] (asserting right to be notified in writing of the final disposition of her complaint regarding defendant officers and discipline imposed); and Count IX[49] (asserting wrongful and negligent intimidation, invasion of privacy, spoliation, abuse of process).

Pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over any potential state law claims in this case. Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which includes an explicit provision permitting the district court to decline to exercise supplemental jurisdiction when that court has dismissed all

---

allegation that Trumbull County's policies, practices, and customs were a "moving force" behind his injuries is insufficient to state a plausible Section 1983 claim against Trumbull County or any of the county agencies or municipal offices.").

[45] Doc. 1-3 at ¶¶73–75.

[46] *Id*. at ¶¶ 76–78.

[47] *Id*. at ¶¶ 79–87.

[48] *Id*. at ¶¶ 88–89.

[49] Doc. 1-3 at ¶¶ 90–91. To the extent that Count IX asserts a federal claim, Plaintiff fails to assert specific claims against specific defendants, and those claims are dismissed pursuant to § 1915 (e)(2) for reasons already set forth herein.

claims over which it has original jurisdiction.[50] Here, all Plaintiff's federal question claims have been dismissed, and there are no allegations in the Complaint that would support another basis for this Court's subject matter jurisdiction. Accordingly, Plaintiff's state law claims are dismissed without prejudice.

### III. Conclusion

For the foregoing reasons, this case is dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3), and 28 U.S.C. § 1915(e)(2)(B), and is closed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: November 20, 2019                    *s/  James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[50] *Saglioccolo v. Eagle Ins. Co.,* 112 F.3d 226, 233 (6th Cir. 1997) (a district court may decline to exercise supplemental jurisdiction over state law claims once it has dismissed all claims over which it possessed original jurisdiction).